WILLIAM R. NEWBERRY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A motion for continuance addresses itself to the sound discretion of the court, and the Appellate Court will not control the discretion of the *nisi prius* court in not granting the continuance, unless it is plain that injustice has been done the party asking the continuance.

2. A plea of *autre fois acquit* is fatally defective if it fails to state that the offence for which the defendant had been tried and acquitted was one and the same offence as that for which he was to be tried again.

3. An alleged error will not be considered by the appelate court unless it is specifically pointed out.

4.  It was improper for the Court to instruct the jury that "always
     remembering that every variance or contradiction is not of
     itself an indication of any design to evade the truth, on the
     part of those testifying." The charge tended to withdraw
     the contradictory statements of the witness from the consid-
     eration of the jury, whose province alone it was to judge the
     motives of the witness in making such statements.

5.  The judge should not say to a person on trial for crime who is
     about to make a statement of his defence, anything calculated
     to affect his credibility with the jury.

Writ of Error to the Circuit Court for Hillsborough
County.

The facts of the case are stated in the opinion.

*Sparkman & Sparkman, Stevens & Peoples* for Plaintiff in
Error.

The first assignment of errors.

That the court below erred in overruling defendant's mo-
tion for a continuance. This of course refers to the second
motion for a continuance, on the ground of the absence of
the leading counsel for plaintiff in error. This motion was
addressed to the sound discretion of the court, and the fact
that the court granted the motion conditionally shows that
he thought that the defendant was entitled to the continu-
ance, but by imposing terms that defendant could not com-
ply with, he not being able to pay the cost, the Court de-
prived him of his right to a continuance, and deprived him
of his right to be represented by his chosen counsel. Par-
ties accused of crime have the right to be heard by counsel,
and they have the right to choose their counsel, and in this
case defendant asked for a trial the first week of the term,
and informed the court of his reason; but the court would
not give him a trial at that time, but passed the case until a
time when defendant could not have counsel of his choice

present, and, for the sake of saving a few dollars to the
State, the court deprived defendant of his constitutional
right to be represented by counsel of his own choice and
forced him into a trial.

We will now consider the second assignment of errors :
" That the court below erred in sustaining the plaintiff's
demurrer to defendant's plea in bar." This prosecution is
based upon Chapter 3623, Laws of Florida, Acts of the Leg-
islature of 1885, which makes the larceny of certain domes-
tic animals a felony. The plaintiff in error was indicted by
the Grand Jury of Hillsborough County, at the Fall term
of 1889, for the larceny of a hog, the property of R. Taylor
Youngblood. At the same term of the court the plaintiff
in error was, together with one Hiram J. Newberry, indicted
for a similar offence, for which they were, at that term of
court, tried by a jury and acquitted.

An examination of the record will disclose the fact that
the description of the property alleged to have been stolen,
is the same in each indictment, except as to the value. In
one indictment the value is placed at five dollars, and, in the
other, three dollars. Another difference in the indictments
are the dates of the alleged commission of the offense ; both
of the above allegations are immaterial under our statute
law on this subject ; it is not necessary to allege or prove
any value, and the date is immaterial, so that the crime is
proved to have been committed at any time within two years
before the finding of the indictment, and in the first indict-
ment the jury could have acquitted one of the defendants
and convicted the other. And, under our statute and the
charge of the Court, it seems to us that the evidence neces-
sary to sustain the charge in the last indictment could have
been given to sustain the charge in the first indictment, and
what would prevent the prosecution from using the same

evidence in the last trial that was used in the first trial? Therefore we contend that the plea in bar was a proper plea and the demurrer to said plea should have been overruled. See 1st Bishop on Criminal Law, Sec. 885 and 886, Mr. Bishop says: "The test is, whether if what is set out in the second indictment had been proved at the trial under the first, there could 'legally' have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." Applying this rule to the case at bar, and we are satisfied that the second indictment cannot be maintained. See also 1st Chitty's Criminal Law, Sec. 453.

We will now consider the third assignment of errors:— "That the Court erred in overruling defendant's objections and exceptions taken during the trial of said cause as the same appears of record." The first objection was taken to a question propounded by the prosecution to John T. Swain, witness for the State as follows: "Did he afterwards withdraw that complaint?" This question was in reference to a complaint made by the plaintiff in error against the said John T. Swain. The first objection taken by plaintiff in error to this question was, that it was immaterial and irrelevant, and not in reference to anything brought out in the cross, and that the record was the best evidence of what was done with the complaint made by William R. Newberry, if any complaint was made, and the second objection was also to a question, propounded by the prosecution, to the said John T. Swain, as follows: "Was it at your request that it was withdrawn?" The objection taken to these questions, in our opinion, were good, and should have been sustained.

The next objections taken by defendant were to a series of questions propounded by the prosecution to Hiram J.

Newberry, a witness for plaintiff in error as to his being under prosecution for any crime. These questions were objectionable on two grounds: first, they tended to disgrace the witness—and, second, the record would be the best evidence of the fact sought to have been proven. See 1st Greenleaf on Evidence, Sec's. 454 to 458 and notes.

We will now consider the fourth assignment of errors: "That the Court below erred in so much of his charge to the jury as was excepted to by defendant."

The exceptions to the charge of the Court will appear in the motion for a new trial, as set forth in the grounds for said new trial, which are numbered 5, 6, 7, 8 and 9. The objection to the first charge excepted to is the qualification to said charge as follows: "Always remembering that every variance or contradiction is not of itself an indication of any design to evade the truth on the part of those testifying." This, stripped of all its verbiage, is nothing more nor less than laying down a rule to the jury by whieh they are to be governed in arriving at whether or not any witness is a credible person. In other words, it is an interference, by the Court, with the prerogative the law gives to juries to say whether or not, in their opinion, any one or more of the witnesses have sworn falsely. It is not necessary for us to cite authorities to show that courts cannot do that.

In the second charge excepted to the Court does not allow the jury to give the prisoner the benefit of every reasonable doubt.

In the third charge excepted to the Court uses the words "reasonable doubt," but he does not inform the jury with sufficient clearness whether it must be a reasonable doubt of his guilt or innocence.

We will pass the fourth and fifth charges excepted to without comment, but we do not waive the exceptions taken.

We will now consider the fifth assignment of errors : "That the Court erred in refusing to charge the jury as requested by defendant in his written instructions numbered 1, 2, 3, 4, 5 and 6. These instructions were refused by the Court because he thought he had already embraced them in his general charge, and that they were only calculated to mislead the jury ; we think that it would have been impossible to mislead the jury any worse than they had been mislead by the rambling, disconnected instructions given by the Court. No question was raised against the instructions on account of the law stated therein not being good. We have carefully examined the instructions given by the Court, and we failed to find where the instructions asked for by defendant had, in any particular, been embraced in the general charge, and the Court, in refusing them, committed a grave error, for which it should be reversed.

We will now consider the 6th and last assignment of error

" That the Court erred in overruling defendant's motion for a new trial and in not granting the same." This assignment of error embraces all the other assignments. In the motion for a new trial twenty reasons are assigned. The 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th and 19th, have already been considered, and leaves only the 1st, 2d, 3d, 4th, 18th and 20th to be noticed. In reference to the first and second we know that appellate Courts seldom interfere with verdicts of juries on the ground that they are contrary to and against the weight of evidence. An examination of the record in this case will disclose the fact that the principal witnesses against the defendant were John T. Swain, and Peter Swain his brother, both of whom were cousins to the defendant and accomplices if any crime was committed. John T. Swain is contradicted by his brother, Peter Swain, as to when he became ac-

quainted with Youngblood's hog mark. John T. Swain is also contradicted by other witnesses, and it was also shown by the testimony of a number of credible witnesses that he was not worthy of belief. Peter Swain swore that he knew the hog in question was the property of R. Taylor Youngblood at the time it was killed, and yet he and his brother, John T. Swain, helped to kill it, and said nothing to Newberry about it. In view of all the facts and circumstances surrounding the two Swain boys, we think the jury should have disregarded their testimony and acquitted the defendant, which we believe they would have done had not the action of the Judge, who presided at the trial, prejudiced them against the defendant by the instructions he gave and by refusing to give the instructions asked by the defendant.

We will now call the Court's attention to the 18th ground for a new trial, and that is : " That the Court erred in overruling defendant's motion to quash the indictment in said cause."

We think the property, alleged to have been stolen, should have been described with more particularity than has been done, so that a conviction or acquittal could be plead in bar of another prosecution for the same offence, and the record be introduced in support of said plea. If this general description is to be held sufficient, the pleader at his pleasure could, by simply changing the date of the commission of the alleged offence, make endless litigation for the defendant, which the Courts should not encourage. All of which is respecfully submitted.

*The Attorney General* for Defendant in Error.

MITCHELL, J. The plaintiff in error was tried and convicted for the larceny of a hog, at the Spring term of Hillsborough Circuit Court, 1890, and the case is brought here

upon writ of error from an order of the Circuit Court over-ruling motion for new trial, and the following errors are assigned: 1. The Court below erred in overruling the defendant's motion for continuance; 2. The Court erred in sustaining the plaintiff's demurrer to the defendant's plea in bar; 3. The Court erred in overruling the defendant's objections and exceptions taken during the progress of the trial of said cause, as the same appears of record; 4. That the Court erred in so much of his charge to the jury as was excepted to by defendant; 5. The Court erred in refusing to charge the jury as requested by defendant, in his written instructions numbered 1, 2, 3, 4, 5 and 6; 6. The Court erred in overruling defendant's motion for a new trial.

As to the first ground: A continuance addresses itself to the sound discretion of the Court. Livingston vs. Cooper, 22 Fla., 292; Denham vs. State, 22 Fla., 664. And the Appellate Court will not control the discretion of the *nisi prius* Court in not granting a continuance, unless it is plain that injustice or injury has been done the party asking the continuance. Ahren vs. Willis, 6 Fla., 359; Gladden vs. State, 12 Fla., 562; Blige vs. State, 20 Fla., 742. In the case at bar the continuance was asked upon the ground that Mr. Sparkman, leading counsel for the defense, was unavoidably absent at the time of the trial, and that the defendant could not safely go to trial without Mr. Sparkman being present. That Mr. Sparkman was present the first week of the term of the court, and that he could not be present the second week, the defendant applied for a trial during the first week of the term, which was denied him. There was not sufficient cause in the grounds of the motion to entitle the defendant to a continuance, and it follows that the trial Judge did not transcend his discretion in refusing the continuance. It cannot, we think, be contended that the defendant was

injured by the absence of the leading attorney for the defense, because there were three other attorneys on the side of the accused, and there is nothing in the proceedings of the cause, from its inception to the close, which would induce the belief that the defendant did not have a fair trial and able defense.    Second.  There was no error in sustaining the demurrer to the defendant's plea of *autre fois acquit* pleaded in bar to the action, because the plea failed to state that the offence for which the defendant had been tried and acquitted was one and the same offence as that for which he was to be tried again, and was therefore fatally defective. 1 Bishop's Criminal Procedure, sec. 814, and authorities there cited ; Henry vs. State, 33 Ala., 389 ; Foster vs. State, 39 Ala., 229.

Third.    This assignment is so indefinite that it will not oe considered.    It refers to errors supposed to be committed and pointed out somewhere in the record ; but if such errors existed it was the duty of the party asserting it to distinctly point out the alleged errors.

Fourth.    The Court charged the jury as follows: " You have heard the testimony and you are the judges of it, as also of the credibility of the witnesses and the weight of evidence.    It is your duty to consider all the facts and circumstances of this case, reconciling all variances, contradictions and discrepances as best you can, and from the facts as you find them to make up or formulate your verdict.    In doing this you have a right to accept or reject any part or all of the evidence of any one or more of the witnesses who have testified, that you do not believe, always remembering that every variance or contradiction is not of itself an indication of any design to evade the truth on the part of those testifying."    The first section of Chapter 2096, act of March 2d, 1877, provides that "upon the trial of all common law and

criminal cases in the several Circuit Courts of this State, it shall be the duty of the Judge presiding on such trial to charge the jury only upon the law of the case ; that is, upon some point or points of law or exceptions to evidence arising in the trial of said cause, and such charge shall be wholly in writing." Under said first section of the statute, the first part of the Judge's charge quoted *supra*, in our opinion, was unexceptionable ; but the latter part of the charge, that " always remembering that every variance is not of itself an indication of any design to evade the truth on the part of those testifying," does not contain the law of the case. In the evidence of the principal witnesses for the State there were discrepancies and contradictions, and the charge of the Court tended to withdraw such discrepances and contradictions from the consideration of the jury, by stating to them that the discrepancies did not indicate that the witnesses thereby intended to evade the truth. It was not for the Court to inform the jury as to what was indicated by the contradictions in the witnesses' statements, but it was for the jury to draw their own conclusions as to the motive of the witness in making them.

There is one other point in the case that we desire to consider. The defendant, who made a statement in his own defense under the statute, before going on the stand, was instructed by the Judge as follows : "You can state just so much of the facts of this case as you desire to state, but all that you do say must be true, and no one can ask you any questions." This was not proper. The accused had the right to make his statement without being admonished by the Judge or any one else as to what or how he should make it, so long as he confined his statement to the case then on trial. The admonition given by the Judge may have been construed by the jury as meaning that the Judge

had a doubt as to the truthfulness of the statement about to be made by the defendant, and, if so, the remarks may have had weight with the jury in arriving at a verdict of guilty. Though no exception was taken to the remark at the time it was made by the Judge, we feel that it is proper to make the above observations as the case goes back for a new trial.

It is not considered essential to consider the remaining assignments of error.

The judgment is reversed, and the cause is remanded with instructions that a new trial be granted.