WILLIAM TELFAIR, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. In a criminal prosecution for uttering a forged instrument a charge that "If you believe from the evidence that the defendant himself forged the instrument in question, no matter how guilty the evidence shows him to be of uttering it, you must find him not guilty," is properly refused, since whether the defendant was guilty of the forgery was not within the issues being tried. For the same reason pleas and evidence as to a former acquittal of the charge of forgery were properly rejected.

2. Evidence *de hors* the record in support of a motion for new trial should be incorporated in the bill of exceptions.

3. Where a written instrument is admitted in evidence, testimony as to its then and its former condition may not be reversible error.

4. When a written instrument is relevant evidence the name by which it is called is immaterial.

5. Testimony given on re-direct examination is not necessarily subject to the rule governing evidence in rebuttal.

6. The action of the court in saying to counsel during the argument that a paper in evidence is not a rent note, but an evidence of a purchase, and that counsel must not read a part of the instrument and make argument on it without reading all of it, is not reversible error.

7. Where there is evidence to sustain a second verdict of guilty and no errors appear in the record, the judgment will be affirmed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*W. E. B. Smith,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—Plaintiff in error has for the second time been convicted in the Circuit Court for Jackson County of uttering a forged instrument. The former conviction was reversed. Telfair v. State, 56 Fla. 104, 47 South Rep. 863.

On this writ of error the overruling of the motion for new trial is the only error assigned.

The ground of the motion for new trial that the court erred in refusing to give fourteen different requested instructions containing separate propositions is treated as an assignment *en masse* and cannot be considered here further than to ascertain if any one of the refused instructions was properly rejected. Kirby v. State, 44 Fla. 81, 32 South. Rep. 836.

One of the refused instructions was: "If you believe from the evidence that the defendant himself forged the instrument in question, no matter how guilty the evidence shows him to be of uttering it, you must find him not guilty." This instruction was properly refused, because the charge against the defendant was uttering a forged instrument, and whether he was guilty of the forgery was not within the issue being tried.

For the same reason there was no error in rejecting pleas and evidence as to a former acquittal of a charge of forgery.

The ground of the motion for new trial that one of the jurors was asleep while a portion of the charge was being given cannot be considered here as the affidavits relating to this ground appear in the transcript outside of the bill of exceptions. Evidence *dehors* the record in support of a motion for new trial should be incorporated in a bill of exceptions.

A witness testified as to the difference between the alleged forged instrument when it was issued and when offered in evidence before the instrument was filed. As the instrument was filed in evidence there was no reversible error in receiving the testimony as to its former and then condition.

Another paper called by different names introduced to show the obligation for which the forged instrument was given was not improperly admitted in evidence. Its contents showed its relevancy and the name by which it was called was immaterial.

Testimony given on redirect examination is not necessarily subject to the rule governing evidence in rebuttal, and in this case evidence given on redirect was not improperly received.

The action of the court in saying to counsel for the defendant that an instrument in evidence was not a rent

note but an evidence of a purchase, and that counsel must not read a part of the instrument and make an argument on it without reading all of it, was not an abuse of discretion calling for a reversal of this judgment.

There is evidence to sustain this the second verdict of guilty on the charge here made, and the record does not disclose errors for which the judgment should be disturbed.

Let the judgment be affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.