JAKE PEELER, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where one exception or one assignment of error embraces *en masse* the giving or the refusals to give several separate instructions, stating distinct propositions of law, such exception or assignment of error will not be considered by the appellate court except so far as is necessary to ascertain if any one of the several instructions thus aggregated was properly given or refused.

2. It is not error to refuse charges that are not applicable to the evidence or that are in effect covered by other charges given.

3. Where the verdict is amply supported by the evidence and no errors of law or of procedure appear in the transcript, the judgment will be affirmed.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Smith & Davis,* for Plaintiff in Error;

25—Vol. 64.

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—On being convicted for the second offense of selling intoxicating liquors in Jackson County, Florida, in violation of the local option law, Jake Peeler took writ of error, and his counsel contend here that the trial court erred in refusing to give four requested charges and in denying a motion for new trial based on the grounds that the verdict is contrary to the evidence and to the law. The refusals of the court to give the four requested charges were excepted to severally, but the one assignment of error thereon embraces the four charges *en masse.*

Where one exception or one assignment of error embraces *en masse* the giving or the refusal to give several separate instructions, stating distinct propositions of law, such exceptions or assignments of error will not be considered by the appellate court except so far as is necessary to ascertain if any one of the several instructions thus aggregated was properly given or refused. If any one of the charges was properly given or refused, the assignment of error fails. See Maloy v. State, 52 Fla. 101, 41 South. Rep. 791; Ewert v. State, 48 Fla. 36, 37 South. Rep. 334.

One of the refused charges was: "You cannot convict him simply because he may have been previously convicted of a similar charge or upon suspicion; but a conviction must be upon the evidence which you deem worthy of belief beyond a reasonable doubt." This refused charge even, if correctly framed, is not applicable to the evidence since the defendant admitted his previous conviction for a similar offense, and the testimony was positive as to the unlawful sales of intoxicating liquor by

the defendant as charged on the second offense, and consequently the evidence did not consist of merely suspicious circumstances. And besides the substance of this charge was in effect covered by other charges given by the court to the jury. Counsel practically admit and it is apparent that the other refused charges were in effect covered by charges given.

The assignment of error based on charges refused is not well taken. As the verdict is amply supported by positive testimony, and no errors of law appearing, the judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.