DOCK DAVIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 11, 1913.

APPELLATE PRACTICE—INCLUDING IN ONE ASSIGNMENT OF ERROR REFUSALS TO GIVE SEVERAL REQUESTED INSTRUCTIONS—CHARGES OF THE COURT TO THE JURY MUST BE PREDICATED ON THE FACTS IN PROOF.

1. Where two or more refusals to give separate instructions requested, are grouped together *en masse* in a single assignment of reror, the appellate court will go no further in the consideration of such an assignment after finding that any one of such instructions was properly refused, but must then adjudge such assignment to have failed.

2. Charges to the jury must be predicated on facts in proof and must be applicable to such facts.

Writ of error to Circuit Court of Wakulla County; J. W. Malone, Judge.

Judgment affirmed.

*Nat R. Walker,* and *W. C. Hodges,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, under an indictment charging him

with murder in the second degree, was tried and convicted of manslaughter in the Circuit Court of Wakulla County, and by writ of error brings the judgment and sentence here for review.

Under a single assignment of error the defendant groups the refusal of the trial Judge to give to the jury two separate requested instructions designated as 2 and 3. In consonance with the established rule here to the effect: that where two or more refusals to give separate instructions asked for, are grouped together *en masse* in a single assignment of error, the appellate court will go no further in the consideration of such an assignment after finding that any one of such instructions was properly refused, but must then adjudge the assignment to have failed. Peeler v. State, 64 Fla. 385, 59 South. Rep. 899; Maloy v. State, 52 Fla. 101, 41 South. Rep. 791; Ewert v. State, 48 Fla. 36, 37 South. Rep. 344, we find that this single assignment must be adjudged to have failed because the requested charge No. 3, the refusal to give which is included in said single assignment, was properly refused as it was wholly irrelevant to the issues or facts in the case. Such charge may have had some applicability in a trial for murder in the first degree, but the indictment charged the defendant only with murder in the second degree, and he was on trial for the latter offense, where premeditated design, dealt with by this charge, has no place.

The defendant also assigns as error the refusal of the court to give a charge designated as No. 4 requested by him. There was no error in this ruling; the requested charge was hypothesized on a state of facts of which there were no proofs. Charges to the jury must be predicated on facts in proof and must be applicable to such facts. The proofs fully sustain the verdict found, and

finding no error in the record, the judgment of the court below in said cause is hereby affirmed at the cost of Wakulla County, the defendant having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.