(63 South. 847.)

No. 19,997.

STATE v. TOUSSAINT.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 470*)—ADMINISTRATIVE EVIDENCE—CONCLUSIONS OF WITNESSES.

Where physical objects are placed before the jury as illustrating the relative positions of parties present at a shooting, it is for the jury to determine whether the accused could have shot the deceased without shooting one of the other parties, and the opinion, upon that subject, of a witness who was not present at the shooting is properly excluded.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1059; Dec. Dig. § 470.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Thomas M. Milling, Judge.

Joseph Toussaint was convicted of murder, and appeals. Affirmed.

James R. Parkerson, of Franklin, for appellant. R. G. Pleasant, Atty. Gen., Wm. C. Baker, of Franklin, and G. A. Gondran, of Donaldsonville, for the State.

MONROE, J. Defendant has appealed from a conviction of murder and sentence therefor and presents his case on a single bill of exception, from which it appears that Cecile Cæsar, a state witness, having testified that she was present at the killing, undertook, in the presence of the jury, to indicate (by the use of chairs, as we understand the bill) the relative positions occupied, at the time, by the accused, the deceased, one Sorrel, and herself. On cross-examination she was asked whether she had not gone to the scene of the killing with Mr. Gladstone Allen, Tom Hill, Milton Toussaint, and the counsel for the accused, whether she had not then fixed the chairs in the positions they were in at the time of the killing, whether she had not then stated which chairs the different parties who were present had occupied, to all of which the witness answered "Yes." She was then warned to be on her guard; that counsel intended to impeach her testimony; and she was asked whether, from the positions in which she had placed the chairs, and the parties, "it was possible to shoot the deceased without first shooting her, she being exactly in the line of the fire," to which she answered "No."

Thereafter, when the state had closed, defendant (for the purpose of impeaching Cecile Cæsar) called Tom Hill to the stand, and he, having testified (out of the presence of the jury) that he was present upon the occasion of the placing of the chairs by Cecile Cæsar at the scene of the killing, was further questioned, and answered as follows:

"Q. From the positions she placed Bonaparte Jones in, and from the position she put Joseph Toussaint in, and the position that she and Edward Sorrel occupied, would it have been possible for Toussaint to have shot Bonaparte Jones without shooting Cecile Cæsar? A. No, sir. Q. Would it have been possible to shoot Bonaparte Jones in the breast at all? A. No, sir."

The district attorney objected to the testimony, and the court sustained the objection, on the ground "that it would be substituting opinions and conclusions of the witness for those properly drawn by the jury," to which the court added that it "permitted the witness to testify as to how the chairs were placed by the witness Cecile Cæsar and to show all the facts, but refused to permit the witness to give his opinion and conclusions."

The ruling was correct. Defendant's witness having been allowed to place the chairs, before the jury, as the witness Cecile Cæsar is said to have placed them at the scene of the killing, and, she having done so, it was for the jury to decide whether, situated as the parties were thus said to have been, the accused could have shot the deceased.

Judgment affirmed.