G. S. HOLLINGSWORTH *Plaintiff in Error,* v. JEWETT L. NORRIS, *Defendant in Error.*

Opinion filed April 21, 1919.

1. A special plea which sets up facts, all of which are admissible under the general issue, is improper, and should be stricken on motion.

2. An instruction to the jury upon the burden of proof if correct in principle cannot form the basis of an assignment of error.

3. The grouping of instructions in one assignment of error will prove fatal to the assignment if one of the instructions was correct.

4. Proper exceptions to the ruling of the court in admitting or rejecting evidence should be made; otherwise the assignment of error based upon such ruling will not be considered.

5. The plaintiff must recover, if at all, upon the case made by his declaration, and not upon some other case made by the evidence.

A Writ of Error to the Circuit Court for Hillsborough County ;F· M. Robles, Judge.

Judgment reversed.

*Leitner & Leitner,* for Plaintiff in Error;

*W. C. Bigger* and *Victor H. Knight,* for Defendant in Error.

ELLIS, J.—Jewett L. Norris brought an action against G. S. Hollingsworth upon a contract for services to be rendered in finding a purchaser of certain property belonging to Hollingsworth. The declaration alleged that the plaintiff should find a purchaser for the defendant Hollingsworth's property, or a party who was willing to exchange property with the defendant; that for this service the defendant was to pay plaintiff two and one-half per cent upon a valuation of seventy-five thousand dollars for defendant's property; that the plaintiff found and produced to the defendant a party who was ready, able and willing to exchange property with the defendant at the valuation agreed upon; that the defendant and the party so found and produced by the plaintiff did agree among themeselves upon an exchange of property, but the defendant has refused to pay to the plaintiff the compensation agreed upon for service. There were also two common law counts for work done and account stated. The defendant pleaded the general issue, and in a third special plea set up that the agreement between the plaintiff and defendant provided that the plaintiff should receive two hunded and fifty dollars in money and a lot from among those which the defendant was to acquire from the purchaser, which lot was to be conveyed to the plaintiff when the defendant himself acquired title; that the exchange had never been effected and the defendant was not therefore in position to make a deed to the plaintiff. This plea

was stricken upon the ground that the facts set up were provable under the general issue. Evidence of such matters was received at the trial. The striking of this plea constitutes the basis of the seventh assignment of error·

It is urged by counsel for plaintiff in error that the plea should not have been stricken because the plea comprehended "more that the general issue," because it showed that the contract was as entered into between the parties and thus amounted to more than a mere denial that its terms were as alleged in the declaration. We think this criticism is not sound. The plaintiff recovers if at all upon the case made by his declaration. See Florida Fire & Casualty Ins. Co. v. Hart, 73 Fla. 970, 75 South. Rep. 528. In this case he bases his action upon the contract which he set up in the declaration. The plea avers evidentiary facts to establish the ultimate fact that the contract entered into between the parties was not as it was alleged in the declaration. The plea of the general issue is a denial of the making of the contract as alleged, or of the matters of fact from which the contract may be implied by law· See Porter v. Ferguson, 4 Fla. 102; Huling v.Florida Savings Bank, 19 Fla. 695. Therefore the third plea set up the same defense as the general issue under which he was allowed to introduce in evidence all the facts which he set up in the third plea. See Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342; Wade v. Doyle, 17 Fla· 522, text 531. Under the rule as established in this State the motion to strike the plea upon the ground that the facts averred therein were admissible in evidence under the general issue, was properly granted. The plaintiff's counsel say in their brief that the defendant should have been permitted to show what the contract was rather than show what it was not. This distinction is not apparent because in show-

ing what the contract in reality was, assuming it to have been as avered in the plea, he thereby showed that it was not as alleged in the declaration. We can perceive no benefit to be obtained by the defendant in this case from laboring under a supposed burden of proof which it was not necessary for him to carry. The seventh assignment of error is therefore not sustained.

The court instructed the jury as follows: "Gentlemen of the jury, this is a case where the plaintiff is suing to recover a commission from the defendant for the sale or exchange of real estate belonging to the defendant. In order for the plaintiff to be entitled to recover, it will be necessary for him to prove by a preponderance of the evidence some one of the three counts of his declaration. By a preponderance of the evidence is meant the weight of the evidence, that is the over-balancing power." This instruction and those numbered four and five are assigned as the third error. There was no evidence before the court which would have justified recovery under the common counts, therefore the instruction in so far as it was intended to apply to such counts was erroneous if at all, but we think that the error if any was without injury to the defendant because as there was no evidence in support of the two common counts, or either one of them, it cannot be assumed that the jury deemed them or either one of them to have been proved by a preponderance of the evidence· But the charge correctly stated the plaintiff's burden to be: proof by a preponderance of the evidence of at least one of the three counts, he having declared in three counts upon one cause of action. If there was no evidence to support either count, it could not be said that the charge was wrong, although it may have been unnecessary.

We will not discuss instructions numbered four and five because the grouping of the three instructions in one assignment of error will result in the failure of the assignment if one of the instructions was correct. See McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825; McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; Davis v. State, 66 Fla· 349, 63 South. Rep. 847; Younglove v. Knox, 44 Fla. 743, 33 South. Rep. 427; Peeler v. State, 64 Fla. 385, 59 South. Rep. 899.

The fifth assignment of error is based upon the court's refusal to allow the defendant's counsel upon cross-examination of G. S. Hollingsworth who was on the stand as a witness for the plaintiff, to ask him the following question: "Does W. C. Black consider the contract between himself and you binding?" Mr· Hollingsworth had testified upon direct examination that he and Mr. Black had entered into a contract for the exchange of properties, and that he, the witness, considered the contract a binding one and expected to live up to it. There was no exception taken to the court's ruling, therefore the point was waived. See Maloy v. State, 52 Fla. 101, 41 South. Rep. 791; Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 South· Rep. 1019.

The remaining assignments of error attack the verdict as being unsupported by the evidence. In this case there was a verdict and judgment for the plaintiff below. The plaintif alleged in his declaration that he entered into an agreement with the defendant whereby the plaintiff was to be paid by the defendant certain compensation for finding for the defendant a purchaser for the latter's property or one who was willing to exchange properties with the defendant, and that he had produced such a per-

son who was ready, able and willing to exchange prop-
erties with the defendant, but the latter had refused to
pay the plaintiff the agreed compensation. There is
little or no conflict in the testimony as to whether the
plaintiff and defendant entered into the contract as set
forth in the declaration. The defendant's evidence tend-
ing to show that the plaintiff was to receive not a certain
commission upon an agreed valuation of property, but
that he was to recive the sum of two hundred and fifty
dollars and one lot in or near the City of Tampa which
was among other properties received by the defendant in
exchange for those properties he was conveying to Black.
The plaintiff's testimony is to the effect that he had two
contracts with the defendant. The first contract was in
the terms alleged in the declaration; the second contract
in the terms as stated above. Now it appears from his
own testimony that there had never been any agreement
between him and the defendant as to the payment by the
latter of a certain commission upon a certain agreed val-
uation of the defendant's property. All that had trans-
pired between them upon that point was the following,
quoting from the plaintiff's testimony :"When I was down
to Arcadia as I have mentioned before, at the depot in
Arcadia, he asked me what I was going to charge and I
told him that it was customary to charge 10% commis-
sion for sales of country property, but as this was a large
deal that we (meaning the agent of Mr. Black and my-
self) would charge 5% commission, 2½% to be paid by
each of them, Black and Hollingsworth and Hollings-
worth made no reply. He did not say anything further
about commissions, but continued to discuss the deal; af-
ter that he made a trip to Tampa and I showed him over
the Black property. We estimated the Black property to be
worth $73,000; after the visit of Mr. Hollingsworth to the

Black property in Tampa, he came to Tampa again and on Franklin Street in Tampa, he asked me what my commission was going to be, and I told him, for a speedy settlement, I would take $250.00 cash and a lot on Buffalo Avenue, one of the lots he was getting from Black; valued at $1,000.00."

On cross-examination the plaintiff alludes to the second contract in which he was to receive "a lot on Buffalo Avenue and $250.00 in cash" as his commission for the trade. We do not regard his statement to Mr. Hollingsworth at Arcadia that the commission was to be 5% of which Hollingsworth was to pay half and Black was to pay half as constituting an agreement between him and Hollingsworth. The latter made no reply, by no act of his signified his assent to such terms. Besides the terms were indefinite. Was it to be a joint obligation of Hollingsworth and Black? Was the 5% commission to be calculated upon the total value of the two properties, or upon the estimated value of one of the properties, and which one? Was Hollingsworth to pay or assume the obligation of paying any part of the commission or compensation to be charged by the agent representing Mr. Black? When was the compensation to be paid? Was it to be paid for service of effecting and completing a trade, or merely for bringing the parties together? Neither the testimony nor the documentary evidence establish the terms of the contract to be as alleged in the declaration·

It appears that after the conversation at Arcadia, and before the trading parties had agreed upon an exchange of the properties, Mr. Hollingsworth asked the plaintiff, Mr. Norris, what his commission would be in case of a trade. The plaintif himself said: "I told him I would take a lot on Buffalo Avenue and $250.00 in cash as my commission

for the trade." Upon these terms the parties seem to have agreed, and not upon the terms as alleged in the declaration. The plaintiff therefore could not recover upon the case as made by his declaration. We think that the motion for a new trial should have been granted, and that the court erred in denying the motion which is the basis of the sixth assignment of error.

The judgment is reversed.

BROWNE, C. J., TAYLOR, WHITFIELD AND WEST, J. J., concur.