J. F. ROBERTS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed December 7, 1925.

Petition for Rehearing denied January 16, 1926.

1. In the trial of a cause where the evidence is conflicting the jury should reconcile it if possible on the theory that each witness has spoken truthfully; if that is impossible the jury may then reject such testimony as it deems unworthy of belief.

2. An appellate court should not reverse a judgment or direct the setting aside of a verdict upon the ground that the evidence is insufficient to support it where after considering the entire evidence it may be said that reasonable men in such case may have concluded as the jury did concerning the defendant's guilt.

3. When a defendant testifying in his own behalf answers favorably to himself a question propounded by his counsel no error is shown to exist where an objection is sustained to the question but the answer is not stricken from the evidence.

4. Where in a trial upon the charge of murder by shooting, the defendant testifies that he did not fire the shot of his own volition but that the pistol was accidentally discharged in a struggle with others for its possession it is of no materiality

that he had drawn the pistol from his pocket and held it in his hand because he believed he was in danger of bodily harm from others including the deceased.

5. Where requested instructions are refused and exception taken severally to each refusal but all the exceptions are grouped in one assignment of error the rule which requires a clearly and distinctly specific and separately assigned error as to the refusal to give each instruction is not observed.

6. The purpose of a jury trial in a criminal case is to arrive at the judgment of the jury expressed by a unanimous vote upon the issue of fact at which the State and the defendant have arrived by their pleadings.

7. An instruction which conveys the idea that if an individual juror entertains a reasonable doubt as to the guilt of the defendant the other jurors must yield to that juror's opinion and acquit the accused is erroneous.

8. When the substance of a requested instruction has been given in other instructions it is not error to refuse the particular requested instruction.

A Writ of Error to the Circuit Court for Levy County; A. V. Long, Judge.

Judgment affirmed.

*John R. Willis* and *W. S. Broome,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant, for the State.

ELLIS, J.—The Plaintiff in Error was indicted for murder in the second degree. He was charged with the killing of William Nichols on the 18th of November, 1923, in Levy County. He went to trial in April, 1925, on a plea of not guilty and was convicted of manslaughter. To that judgment he took a Writ of Error.

· It is contended in his behalf that the evidence was insufficient to support the verdict and that the Court erred in sustaining the State's objection to a question propounded to the defendant Roberts, when he was testifying as a witness in his own behalf, as to his belief concerning the danger to himself from Nichols or one other person who was present when the defendant drew his pistol; and that the Court erred in refusing a certain instruction requested by the defendant to be given to the jury.

A discussion of the evidence is seldom if ever enlightening. It is more frequently the case than otherwise that the testimony of several witnesses concerning the details of an alleged criminal transaction is susceptible to different interpretations resulting in opinions ranging from conviction of the highest degree of guilt to the lowest, even a conviction of the lack of sufficient evidence to warrant finding the accused guilty.

This state of uncertainty as to the exact truth concerning any transaction said to be criminal arises from many causes, the latest of which is not the difficulty in presenting in the court room a word picture or exact description of the circumstances existing at the time the act constituting the alleged crime occurred.

There is also the complex character of the crime charged as for instance the crime of manslaugter of which the defendant was found guilty. It consists of the killing of a human being by the act, procurement or culpable negligence of another in cases where such killing is neither justifiable or excusable homicide nor murder. as defined by the statute. See Sec. 5039, Revised General Statutes.

When all the evidence in a criminal case is submitted and the jury retire to consider of their verdict, whether the defendant is guilty or not guilty and if guilty what

is the degree of his guilt, the process of evaluating the evidence begins and it is one which is governed by no fixed and certain rules known of all men for determining the credibility of a single witness or the probative force of a single fact. There are general rules by which one is in some measure influenced in one's judgment as to the credibility of a witness or group of witnesses but it is difficult if not impossible, to assert with any degree of accuracy just to what extent the testimony of a single witness should be weakened who comes within any one or more of such rules.

Many illustrations might be given of the truth of the proposition, but it is deemed unnecessary to do so.

When a fact is considered to be established its relevancy to the question of the defendant's guilt is a question of logic and its influence or bearing upon the question of guilt may be more easily determined than the degree of credibility to be ascribed to the witnesses individually by whose testimony the fact may be established.

It is this hypothesis upon which the rule rests which requires a jury to reconcile conflicting testimony if possible, on the theory that each witness has spoken truthfully, and if that is impossible to reject such testimony as they deem unworthy of belief and which precludes an Appellate Court from setting aside a verdict when considering the entire evidence, it may be said to be in such case that reasonable men may have concluded as the jury did concerning the defendant's guilt. See Britt v. State, Fla. 102 South. Rep. 761; Thomas v. State, 73 Fla. 115, 74 South. Rep. 1; Childres v. State, 74 Fla. 288, 77 South. Rep. 99; Boyington v. State, 77 Fla. 602, 81 South. Rep. 890.

A verdict will not be set aside by an Appellate Court where the propriety of the verdict depends not upon the

lack of evidence but upon the credibility or weight of conflicting testimony. And if the evidence is conflicting but there is positive testimony which the verdict indicates the jury believed and it is amply sufficient to sustain the verdict and there is nothing to show that the jury were not governed by the evidence the verdict will not be disturbed. This is in substance the rule announced in the case of Boyington v. State, *supra.*

Applying this rule and limiting to the phrase "positive testimony" its narrowest meaning, that is "affirmative testimony," and not extending it to include conclusive circumstantial evidence, we think, the verdict in this case should not be disturbed upon the ground that the evidence was insufficient to support it.

The fourth assignment of error rests upon the action of the Court in sustaining the State's objection to a question propounded to the defendant, who testified as a witness in his own behalf, after he had answered the question in the affirmative and the answer was not stricken and the jury were not instructed to disregard it.

The question was: "At the time you say you drew your pistol did you believe your life was in danger or you were in danger of being done great bodily harm by the Nichols or Blocker?" The witness answered: "Yes sir." The State Attorney then objected to the question and the objection was sustained but the testimony of the witness as to that fact was not stricken from the record. From anything to the contrary indicated by the record the State Attorney after obtaining a favorable ruling upon his objection abandoned the point and allowed the answer to remain in evidence.

In view of what the defendant had testified to however concerning his complicity in the transaction, it is difficult to perceive what possible benefit his belief as to his danger

of harm from Blocker or Nichols could have been to him because he had testified that he did not fire his pistol at all. The explanation he gave of the transaction was that while he had drawn his pistol and "cocked it" in his hand and told them to stand back, they advanced; one person caught him around the waist from behind pinioning his arms down and the others caught him in front. That while they were struggling for possession of the pistol it fired.

The defendant said he did not fire the pistol at all. If he did not fire the pistol, that is if it was not discharged through any volition of his, its discharge was not his act.

His right to retain possession of his pistol was not dependent upon his belief that his life was in danger from others.

The third assignment of error is based upon the Court's refusal to give an instruction lettered "B" as requested by the defendant.

Four charges were requested by the defendant and each was denied by the Court. The alleged error of the Court is sought to be presented in one assignment which attacks the "action of the Court in refusing to give the charges requested by the defendant and each and every of them."

We do not regard this assignment as a separate assignment of error upon each requested instruction which was refused. The record shows that each instruction was refused and exception to such refusal taken to each order. But the assignment of error groups them and does not constitute a clearly and distinctly specific and separately assigned error to the refusal to give each instruction. See Newberry v. State, 26 Fla. 334, 8 South. Rep. 445; Telfair v. State, 58 Fla. 110, 50 South. Rep. 573; Peeler v. State, 64 Fla. 385, 59 South. Rep. 899; Davis v. State, 66 Fla. 349, 63 South. Rep. 847; Koon v. State, 72 Fla. 148, 72

South. Rep. 673; Hollingsworth v. Norris, 77 Fla. 498, 81 South. Rep. 782; Davis v. State, 69 Fla. 401, 68 South. Rep. 460.

The charge, the refusal of which was embraced in the assignment and argued in the brief, contained the feature which this Court has many times criticized and discouraged. It encouraged the individual juror to stand out against the view of his fellows if he had a reasonable doubt as to the defendant's guilt. While the phraseology of the charge was not exactly like that which this Court has criticized it nevertheless suggested the same thought and was even more objectionable in that it informed the jury "that after a consideration of all the evidence a single juror has a reasonable doubt of the defendant's guilt" then the jury could not find the defendant guilty.

Such is not the rule because it attempts to confine the doctrine of reasonable doubt to individual members of the jury. The verdict, of course, must be concurred in by the unanimous vote of the entire jury and no honest juror, as was said in the case of Ayers v. State, 62 Fla. 14, 57 South. Rep. 349, will concur in a verdict of conviction if he entertains a reasonable doubt of the defendant's guilt.

The purpose of the jury trial in a criminal case is to arrive at the judgment of the jury expressed by a unanimous vote upon the issue of fact at which the parties by their pleadings have arrived. An instruction which conveys the idea that if an individual juror entertains a reasonable doubt as to the guilt of the defendant the other jurors must yield to that juror's opinion and acquit the accused is not consistent with the purpose of the jury trial and is therefore erroneous.

The meaning of the clause in the requested charge, that if a single juror has a reasonable doubt of the defendant's guilt the jury could not find the defendant guilty, is that

in such case the jury must return a verdict of not guilty or it means simply that the verdict of guilty beyond a reasonable doubt must be concurred in by each member of the jury.

If the latter meaning is the one which the requested instruction was intended to convey its refusal was not error because the Court had instructed the jury in substance that as a whole they must believe the defendant to be guilty beyond a reasonable doubt which is the same thought expressed in phraseology. See Pinson v. State, 28 Fla. 735, 9 South. Rep. 706; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Fine v. State, 70 Fla. 412, 20 South. Rep. 379; Hall v. State, 78 Fla. 420, 83 South. Rep. 513.

But if the former was the meaning intended to be conveyed by the requested instruction it was erroneous for the reason pointed out.

No error appears from the record to have been committed in the trial of the case so it is ordered that the judgment be, and the same is, hereby affirmed.

BROWN, C. J. AND WHITFIELD, TERRELL AND STRUM, J. J., concur.

BUFORD, J., disqualified.