Dave Cobb, *Plaintiff in Error*, v. State of Florida, *Defendant in Error.*

Division A.

Opinion filed February 1, 1930.

*E. M. Magaha,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Ellis, J.—Dave Cobb was convicted of aggravated assault upon an indictment charging him with assault upon Pearl Allen with a deadly weapon having a premeditated design to kill her. Judgment and sentence were entered and he seeks reversal on a writ of error.

The assignment of errors challenges the sufficiency of the evidence to support the verdict and the refusal of the court to give certain requested instructions.

The assignment on the requested instructions groups the four which were requested and refused. The rule is well established that when two or more alleged errors are grouped in one assignment if any one of such alleged errors fails the assignment fails. See Shiver v. State, 41 Fla.

630, 27 So. R. 36; Eggart v. State, 40 Fla. 527, 25 So. R. 144; Robertson v. State, 42 Fla. 223, 28 So. R. 424; Bass v. State, 58 Fla. 1, 50 So. R. 531; Peeler v. State, 64 Fla. 385, 59 So. R. 899.

The charges given by the court were full and more favorable to the defendant than was required by law, but of that he has not nor indeed could he successfully complain. Such charges, however, did not embrace the substance of the requested instructions numbered two, three and four, which announced perfectly correct principles by which the jury should be controlled in the consideration of their verdict, such as: the jury is the sole judge of the weight and credibility of the evidence and it was its province to determine between witnesses as to which of them spoke truly and which falsely; that in determining the credibility of witnesses the jury might consider their demeanor on the stand while testifying, their interest in the trial and their opportunity for observing the facts to which they testified. The first charge, however, was faulty in that it excluded the idea that if the defendant in fact fired the shot which struck Pearl Allen but without a premeditated design to kill her he might nevertheless, if the facts justified it, be found guilty of an aggravated assault.

For the reason given above, however, we must hold that the assignment grouping all four requested instructions must fail.

The judgment should be reversed, however, upon the merits. We find nothing in the evidence to justify the finding of the jury that the defendant was guilty of an aggravated assault upon Pearl Allen.

Several negroes were assembled in a small room after dark. Some of them were gambling at cards. A lamp afforded the only light by which they carried on their game.

Pearl Allen was a spectator. Several others were also on-lookers. The accused and a negro Kendricks quarrelled and the accused attacked him. In the struggle the only light in the room was extinguished. A pistol was fired and Pearl Allen was struck by the bullet. When order was restored and the combatants were separated it was discovered that although the accused had a knife open when he attacked Kendricks the latter was not cut nor had he received any wounds although they had fallen to the floor and were struggling when the light was extinguished. The pistol was fired very soon after the light was extinguished. There is no evidence to show that the accused fired the shot. Any one of several by-standers may have done it, one of whom was armed with a pistol, the only pistol shown by the evidence to have been in the room. The accused bore an unsavory reputation for whiskey drinking and fighting but not in such degree as to distinguish him pre-eminently from his associates.

In view of the lack of sufficient evidence to convict the accused of making the unlawful assault on Pearl Allen with the deadly weapon named in the indictment, we think the judgment should be reversed.

Judgment reversed.

Terrell, C. J., and Brown, J., concur.

Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.