Wolf, Plaintiff and Respondent, vs. Evans, Defendant and Appellant, and Baker (Respondent) and another, Defendants.

*March 6—June 6, 1933.*

For the appellant there was a brief by *Lockney & Lowry* of Waukesha and *Kading & Kading* of Watertown, and oral argument by *Henry Lockney* and *Charles A. Kading, Jr.*

*Ira S. Lorenz* and *Herbert L. Mount,* both of Milwaukee, for the plaintiff and respondent Ida Wolf.

*D. J. Regan* of Milwaukee, for the defendant and respondent Esther Baker.

The following opinion was filed April 11, 1933:

FOWLER, J. The appellant claims that the complaint should have been dismissed because the finding of the jury (1) that she was negligent in respect to control of her car is not supported by the evidence; (2) that if this finding was warranted, this negligence did not operate as a proximate cause of the collision; and that if the plaintiff was not entitled to dismissal of the complaint a new trial should have been granted (3) in the interest of justice; (4) because the court erred in instructing the jury; and (5) because of error in receiving a written statement of a witness in evidence.

(1), (2), (3) The collision occurred a little after seven o'clock in the evening of February 22, 1930, at about the middle of a straight 700 feet stretch of concrete road eighteen feet wide with four-foot gravel shoulders. The Baker car was going east and the other west. After the collision the Baker car faced southeast with its left rear wheel ten to fourteen inches north of the black line marking the center of the concrete. The Baker car had been traveling for about one hundred feet on the south shoulder, had come back on the concrete somewhat abruptly and traveled twenty-five or thirty feet before the collision. The weather was misty or foggy at the time. The only eye-witnesses were the occupants of the two cars, and their testimony is irreconcilable. The cars were going ten to twenty miles per hour at the immediate time of the collision. The jury apparently thought that there was ample room for Miss Evans to avoid collision by passing to the rear of the Baker car. The evidence of the occupants of the Baker car, if believed, warrants this conclusion and justifies their findings against her of negligence

and proximate cause. Granting or denying a new trial in the interests of justice rests in the sound discretion of the court and its ruling can be reversed only for abuse of discretion. We perceive no abuse in the instant case.

(4) The defendant contended that Mrs. Baker was intoxicated. Whether she was, was important, not only as bearing upon the question of her negligence, but on that of the plaintiff's assumption of danger incident to her habit of driving on the trip and her physical condition. One of the questions put to the jury respecting Mrs. Baker's negligence was: "Was she negligent in operating her automobile as to being under the influence of liquor?" This question the jury answered "No," which implies that she was not so under the influence of liquor as to affect her operation of the car, and if she was not she was not so under the influence as to increase the hazard to the plaintiff. Thus under the findings of the jury the answer to the question respecting plaintiff's assumption of risk is sustained. In connection with the question as to Mrs. Baker's intoxication the court instructed the jury that "before they could answer that question they should bear in mind that the Volstead Act is at this time the law of the land and that it prohibits the sale of any liquor containing more than one-half of one per cent. of alcohol. So in the absence of positive proof to the contrary it must be presumed that the liquor Mrs. Baker drank was non-alcoholic and non-intoxicating." This instruction was given in reference to the testimony that Mrs. Baker drank several glasses of near-beer at a roadhouse during the afternoon and is claimed to have been erroneous and prejudicial. There was no proof that the beverage drunk by Mrs. Baker was beer as distinguished from "near-beer," and none as to its alcoholic content. The only proof that it was alcoholic was that Mrs. Baker's breath smelled alcoholic, which was as strongly denied as it was affirmed. The only defect in the

instruction as to presumption if there is any, is in the use of the words "positive proof." If the word "positive" means absolute or conclusive, its use was improper. If it means merely affirmative, tending to affirm or establish, there would seem to be nothing wrong in its use. It has been held that the word is subject to this meaning when used in connection with the word "testimony." *Roberts v. State,* 90 Fla. 779, 107 South. 242, 244; *Barclay v. Hartman,* 2 Marv. (Del.) 351, 43 Atl. 174, 175. So also as to the term "positive proof." *Falkner v. Behr,* 75 Ga. 671, 674. The words "positive proof" of death in an insurance policy have been held to mean "proof as positive as the circumstances reasonably afford, and positive enough to satisfy the judgment of reasonable men." *Mitchell v. Brotherhood of Locomotive F. & E.* 103 Neb. 791, 174 N. W. 422.

We are of opinion that the term "positive proof" in the connection in which it was used in the instruction means under the circumstances nothing more than that from the mere fact that Mrs. Baker drank near-beer in a roadhouse it is not to be inferred that the liquor drunk was intoxicating liquor, and that so construed the instruction was neither erroneous nor prejudicial.

A written statement of a witness was introduced as impeaching evidence because it conflicted with his testimony upon the trial. It is claimed that this statement was not receivable because not contradictory. The witness was called by the plaintiff. At the conclusion of his examination the witness had only testified that he arrived on the scene of the accident; that he did not hear the crash of the colliding cars; and that it was a little misty and the visibility was not good. Counsel for Mrs. Baker on cross-examination introduced the statement referred to. The only statement in the writing contradicting the testimony above stated was that he heard the "crash." There were statements in it that bore upon the

question of Miss Evans' negligence. No objection to introduction of the statement was made by counsel for Miss Evans, and no motion was made to strike it from the record, and no request was made to instruct that the statements in it were not to be considered as evidence. In this situation counsel cannot now be heard to say that the receipt of the statement was error or that the jury should have been instructed that its contents could not be considered as evidence, although the rule doubtless is that the effect of impeaching statements of a witness is limited to impeachment only, and cannot be considered as proof of the matters stated. 28 Ruling Case Law, p. 633; 5 Jones, Commentaries on Evidence (2d ed.) § 2207.

*By the Court.*—The judgment of the circuit court is affirmed.

FAIRCHILD and NELSON, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.