PER CURIAM.
Harvey Lee Outler was indicted for the crime of second degree murder, tried by jury, found guilty of manslaughter and sentenced to 12 years in the state penitentiary. This appeal ensued.
The pertinent facts, briefly, are that in 1964, and thereafter, Outler was keeping company with Mabel. Mabel became quite possessive over the years. After she threatened to see “Outler dead rather than with another woman” and had made.several attempts to harm him with ice picks, knives and lye, Outler began to carry a gun to “protect himself.” In 1973, Mabel accosted Outler while he was seated in his automobile outside a liquor bar. Outler pulled a gun to scare her away from the door of the *624 car. Mabel grabbed his arm, at which time the gun discharged, hilling Mabel.
Of the seven issues raised on appeal, we are of the opinion that three merit discussion: (1) That the court committed reversible error in permitting testimony of a collateral crime committed by Outler against Mabel, the decedent. (2) That the court erred in excluding expert and lay testimony about the reasonability of Outlets belief in voodoo. (3) That the evidence was insufficient to support a conviction of manslaughter.
 As to the first issue, the record reflects that the prosecution asked Outler whether he had committed the crime of an assault on Mabel on November 26, 1970. Outler first denied it, then admitted to pleading guilty to the charge of assault and battery on Mabel. He was sentenced to time already served in jail. To this testimony Outler objected. An exception to the general rule of exclusion of collateral evidence which tends to suggest the commission of an independent crime is where the evidence sought to be adduced tends to prove that the act charged was not the result of accident, mistake or inadvertence. Williams v. State, Fla. 1959, 110 So.2d 654 and Andrews v. State, Fla.App.1965, 172 So.2d 505. Since Outler had committed a previous crime of assault and battery against Mabel and then was charged in this case with killing Mabel, it is apparent that the evidence of a prior offense was admissible.
Next, it is contended that Mabel had put a voodoo curse on Outler and, therefore, it was error to exclude expert and lay testimony in this regard. There is no question that Outler has the right to hold his religious and spiritual views. However, he does not contend, nor does the record reflect, that the shooting of Mabel was in self-defense. He consistently contended that it was accidental. Therefore, a reasonable fear of a curse, if proved, would be immaterial. There was ample evidence that Outler had reason to fear Mabel and, therefore, a reason to possess a gun.
Finally, a review of the entire record discloses that there was sufficient evidence for the jury to return a verdict finding Outler guilty of manslaughter. Roberts v. State, Fla. 1925, 90 Fla. 779, 107 So. 242; Dolan v. State, Fla. 1956, 85 So.2d 139.
Affirmed.