PER CURIAM.
Following a jury trial, the appellant was convicted and adjudicated guilty of second degree murder. The victim was the former wife of the appellant and the conviction was based substantially on circumstantial evidence.
The appellant urges error in permitting hearsay evidence as an exception to the general rule, error in permitting testimony of prior events relative to the victim and the appellant which was a violation of Williams v. State, 438 So.2d 152 (Fla. 3d DCA 1983), and lastly, that the trial court erred in enhancing the guideline sentence because of an alleged breach of trust on the part of the appellant, citing Davis v. State, 517 So.2d 670 (Fla.1987).
We find no error in the first two points urged for reversal. State v. Jano, 524 So.2d 660 (Fla.1988); Jano v. State, 510 So.2d 615 (Fla. 4th DCA 1987), approved, 524 So.2d 660 (Fla.1988); Outler v. State, 322 So.2d 623 (Fla. 3d DCA 1975); see 1 C. Erhardt, Florida Evidence § 803.2, at 473-474 (2d ed. 1984); McCormick on Evidence § 297, at 856 (3rd ed. 1984). We do find error in the sentencing under the principles announced in Davis, and hereby set the sentencing aside and remand to the trial court for sentencing within the guidelines.
Affirmed in part, reversed and remanded for resentencing.