STATE, Respondent, vs. BACHMEYER, Appellant.

*May 18—June 15, 1945.*

F. E. Yates, attorney, and F. V. McManamy of counsel, both of Eau Claire, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Henry E. Steinbring,* district attorney of Eau Claire county, and oral argument by *Mr. Platz.*

BARLOW, J. Defendant was arraigned June 19, 1944, and pleaded the statute of limitations, sec. 353.21, Stats., which provides as follows:

"*Limitation as to other felonies.* Any prosecution for an offense which may be punished by imprisonment in the state prison, except murder, must be commenced within six years after the commission thereof unless otherwise provided by law."

The information charged the defendant with aiding in the commission of the offense of murder in the first degree on the

20th day of March, 1938, in violation of sec. 353.05, Stats., which section is as follows:

> "*Accessory to felony.* Every person who shall be aiding in the commission of any offense which shall be a felony or who shall be accessory thereto before the fact by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner as is, or shall be, prescribed for the punishment of the principal felon."

Defendant contends that he is charged as an accessory before the fact of first-degree murder, while the state contends that he is a principal and not an accessory to the murder of Robeson. We are unable to agree with defendant's contention, as an accessory is never present at the commission of the felony. While the statute in question refers to an accessory to a felony, punishment is specifically provided for any person who shall aid in the commission of an offense which shall be a felony, and also provides for the punishment of a person who is an accessory. An aider is one who is actually or constructively present at the commission of the offense, and it is well established that such a person is a principal. *Vogel v. State* (1909), 138 Wis. 315, 330, 119 N. W. 190; *State v. DeHart* (1943), 242 Wis. 562, 568, 569, 8 N. W. (2d) 360; *State v. Maas* (1944), 246 Wis. 159, 160, 16 N. W. (2d) 406.

That defendant is guilty of the offense of murder in the first degree is shown by the evidence. He and Jack LaPean conspired to rob Ray Robeson of his money. Both men went to the place of the crime together, and while LaPean actually did the shooting, it was all done pursuant to a conspiracy between them. The shooting occurred in the course of and as a foreseeable incidental consequence of the holdup. This makes the defendant guilty of the same offense as LaPean, and in order to find defendant guilty it was necessary for the

jury first to find LaPean guilty of murder in the first degree. In *Pollack v. State* (1934), 215 Wis. 200, 211, 253 N. W. 560, 254 N. W. 471, it is held:

"No principle of law is better established than that where several parties conspire or combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in the prosecution of the common design, the act of each one of the conspirators being, in contemplation of law, the act of each and all." See also *Miller v. State* (1870), 25 Wis. 384; 12 C. J. p. 577, sec. 86, and cases cited; 45 L. R. A. (N. S.) 55; *State v. Henger* (1936), 220 Wis. 410, 264 N. W. 922.

Sec. 353.20, Stats., provides:

"*Murder, no limitation.* An indictment or information for the crime of murder may be found or filed at any time after the death of the person alleged to have been killed."

It follows that the prosecution of defendant under sec. 353.05, Stats., is not barred by any statute of limitations.

Questions 3 and 4 of defendant's brief question the sufficiency of the evidence to sustain the conviction. They do not argue these points in the brief, and the weight to be given to the evidence was a question of fact for the jury. The testimony of an eyewitness, which is corroborated in part, if believed by the jury, is ample to support the conviction.

Questions 5 and 6 of defendant's brief raise the question generally that the court erred in excluding evidence offered by the defendant and in admitting evidence over defendant's objection. This is not followed by pointing out in the brief any specific error, and in examining the record we find none.

Defendant claims that he was prejudiced when the special prosecutor, in his argument to the jury, said: "The defense haven't shown anything to prove his innocence." Counsel for the defendant immediately objected, and stated it was not the duty of the defendant to prove his innocence. Defendant did not take the stand in his own defense, which was his

privilege, and while the district attorney cannot comment on this fact to the jury, it is proper to point out generally that no evidence has been introduced to show the defendant to be innocent. *Lam Yee v. State* (1907), 132 Wis. 527, 531, 112 N. W. 425; *Werner v. State* (1926), 189 Wis. 26, 40, 41, 206 N. W. 898; *State v. Johnson* (1936), 221 Wis. 444, 455, 456, 267 N. W. 14.

The court instructed the jury as to the presumption of innocence of the defendant, and the proof necessary on the part of the state to convict the defendant. It is considered that the remark was not prejudicial.

Defendant questions whether the information was sufficient to charge him with having committed a crime. The information charges that "Peter Bachmeyer . . . on the 20th day of March, A. D. 1938, at the city of Eau Claire in said county of Eau Claire and state of Wisconsin, did aid, in the commission of an offense which was a felony, to wit, murder in the first degree, as defined by section 340.02 of the Wisconsin Statutes, contrary to section 353.05 of the Wisconsin Statutes, and against the peace and dignity of the state of Wisconsin."

While we do not fully approve of the manner in which the offense is charged, counsel for the defendant made no objection at the time defendant was arraigned. It was necessary to do this to avoid it being waived. Sec. 355.09, Stats., provides:

*"Technical pleas; waiver of jeopardy.* Any objection to a prosecution or the sufficiency of an indictment or information that may be raised by motion to quash, demurrer, plea in abatement, or special plea in bar, shall be so raised before a jury is impaneled or testimony taken, and unless so raised, shall be deemed waived. . . . "

While the court may, in its discretion, entertain an objection at a later time during the trial, defendant makes no claim that he did not understand the crime that he was charged

with. Sec. 355.23, Stats., provides that no indictment or information shall be deemed invalid by reason of any defect or imperfection in the matters of form which shall not tend to the prejudice of the defendant. Defendant was charged with having aided in the commission of the offense of murder in the first degree, as defined in sec. 340.02. This necessarily carried with it all of the elements of the offense charged under said section, and the information also set forth the section under which the defendant was being prosecuted. It is considered that the defendant was not prejudiced by the information under which he was prosecuted.

*By the Court.*—Judgment affirmed.