STATE EX REL. BACHMEYER, Plaintiff, vs. BURKE, Warden, Defendant.

*May 11, 1951.*

PER CURIAM. On May 17, 1950, Bachmeyer filed with this court a petition for a writ of *habeas corpus* alleging that he was convicted in June, 1944, of aiding in the commission of a felony, to wit, murder in the first degree, in the circuit court for Eau Claire county, Wisconsin, and is in custody of the defendant by virtue of the judgment and sentence of the court pursuant to said conviction; that his conviction was

procured by the perjured testimony of a state witness who was coerced into giving such testimony by a city detective who was the complaining witness in the case; that petitioner believes that the then district attorney knew and was a party to the subornation of said perjury; and that his conviction therefore resulted in a denial to him of due process of law in violation of the Fourteenth amendment to the United States constitution and sec. 8, art. I of the Wisconsin constitution. His case has been here before on appeal. *State v. Bachmeyer* (1945), 247 Wis. 294, 19 N. W. (2d) 261.

Being concerned over the allegations of the petition with relation to a certain affidavit by Elizabeth Green, on May 17, 1950, Mr. Justice FAIRCHILD issued an order to show cause why said petition should not be granted, returnable June 9, 1950. On June 8, 1950, the defendant, by the attorney general and William A. Platz, assistant attorney general, filed a return and answer to the petition, denying that the testimony of the state witness in question was perjured, denying that said witness was coerced into giving perjured testimony by the complaining witness or anyone else, and denying that the then district attorney knew of or was a party to suborning said witness to commit perjury upon the trial of petitioner, or that the complaining witness or the district attorney or any other officer deliberately or consciously used any perjured testimony to procure the said conviction.

Issues of fact having been thus joined, on June 12, 1950, the court appointed Milton L. Meister, Esq., an attorney of this court, to represent the petitioner and appointed George M. St. Peter, Esq., an attorney of this court, as referee to hear, try, and determine the said issues of fact.

Thereafter the referee conducted a number of hearings at which testimony was taken, the petitioner appearing by Mr. Meister, and the defendant by Mr. Platz and Mr. Victor O. Tronsdal, district attorney of Eau Claire county. On December 30, 1950, the referee made his findings of fact

and conclusions of law in which he found that the testimony of the said witness at the petitioner's trial was the truth; that it was believed to be the truth by the complaining witness and the district attorney; and that the conviction of the petitioner was not consciously obtained by the complaining witness or the district attorney or any other officer of the state of Wisconsin by the use of perjured testimony; and concluded that the petitioner was not deprived of due process of law at his trial and that the petition for a writ of *habeas corpus* should be denied. Said findings and conclusions were filed January 8, 1951.

Thereupon the attorney general served and filed a motion, returnable March 9, 1951, for an order confirming the said report of the referee and dismissing the petition for a writ of *habeas corpus* on the merits.

Thereafter the counsel appointed to represent the petitioner filed with this court a statement in which he conceded that the burden of proof was on the petitioner to establish the allegations of his petition by clear and satisfactory evidence and stated that in his opinion there was clear and satisfactory evidence before the referee, that the testimony of the state witness in question given at the trial was perjured, but that there was no clear and satisfactory evidence that the district attorney or the complaining witness had knowledge of said perjured testimony or knowingly used the same.

The case duly came on to be heard before the court upon the motion of the attorney general on March 9, 1951, Mr. Platz appearing for the defendant and there being no appearance for the petitioner. The cause was thereupon submitted.

The court has now examined the proceedings before the referee, and the testimony there given. From this examination we are convinced that it plainly appears that the daughter of the petitioner, in a desire to assist her father in his effort to secure an executive pardon, made the affidavit on which the charge of perjury was based. Her explanation appears from the following questions and answers, which are

thoroughly substantiated by the circumstances appearing from the evidence. The witness was questioned and answered as follows:

"*Q.* Why did you sign that affidavit which has been marked as Exhibit 3? *A.* You mean for my father?

"*Q.* Yes, why did you sign that paper? *A.* Well, I felt sorry for him, because he wrote and told me he was ill a lot. After all, he is my father; I don't like to see him here [state prison at Waupun], because he didn't actually pull the gun, or didn't do the shooting anyway.

"*Q.* So the only reason that you signed this paper which has been marked Exhibit 3 was because you felt sorry for your father? *A.* Yes, because he didn't actually do the shooting; just because he was with the man that did it, I didn't see why he should be in for life.

"*Q.* You knew that this paper was to be used to try to get him out of jail? *A.* As far as I am concerned, my father should be out, if it was up to me, because after all, he is my father."

We have concluded that the findings of fact by the referee are amply supported by the evidence; that the petitioner's conviction was not obtained as a result of a denial to the petitioner of due process of law in violation of the constitution of the United States or of the constitution of the state of Wisconsin.

It is therefore ordered:

1. That the report of the referee herein filed on the 8th of January A.D., 1951, be and the same is hereby in all respects confirmed.

2. That the petition of Peter Bachmeyer for a writ of *habeas corpus* be and the same is hereby dismissed on the merits.