STATE, Respondent, vs. KOPACKA and another, Appellants.*

*December 6, 1951—January 8, 1952.*

* Motion for rehearing denied, without costs, on March 4, 1952.

For the appellants there was a brief by *Sullivan, Sullivan & Jennings,* attorneys, and *Eugene J. Sullivan, Dennis M. Sullivan,* and *David V. Jennings, Jr.,* of counsel, and oral argument by *Eugene J. Sullivan, Dennis M. Sullivan, David V. Jennings, Jr.,* and *Harry M. Kleczka,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Harold J. McGrath,* special assistant district attorney, and oral argument by *Mr. McGrath.*

FRITZ, C. J.    On the trial of the action there was ample evidence which the jury could consider credible and sufficient to establish beyond any reasonable doubt the following facts. During the early evening of February 3, 1949, defendants Emil and Joseph Kopacka and Frank Maranowicz planned and agreed that they would break and enter the Broenen garage building that night and divide the proceeds of the burglary three ways.   They proceeded in Maranowicz's car to an alley abutting the rear yard of the Broenen building and parked the car about ten feet west of the building and left the car keys in the car as the three left it and made their way toward the building.   One of them carried a hammer. According to their plan, Joseph Kopacka was also to enter the building, but he returned to the car, and Emil Kopacka and Maranowicz entered the building through a basement window and proceeded upstairs to the office.   Using the hammer, they knocked the combination off the safe and also broke into the cash drawer apart from the safe.   They were surprised and interrupted by Nick Kachikas, an employee of the Broenen Company, who entered the building to do some office work.   When Emil Kopacka and Maranowicz

heard someone talking as though on the telephone they left the building, and when they reached a point in the alley about ten feet away from Maranowicz's parked car, they were accosted by Kachikas. Maranowicz saw Joseph Kopacka drive Maranowicz's parked car away and recognized Joseph Kopacka and the clothes he was wearing.

Meanwhile Kachikas had telephoned the police and then ran out of the front door and around to the rear of the Broenen building where he saw two men running out of the alley. He called, "Hey" and they stopped. Kachikas asked the defendants Emil Kopacka and Maranowicz, "Did you break a window in this building?" They said, "No." He then said, "What are you doing in the alley?" They said, "Just cutting through." Kachikas met two police officers responding to his phone call and he informed them of his conversation with the two men in the alley and the direction in which the two men headed. The officers entered Kachikas' car and pursued the men. Kachikas saw them walking on the sidewalk a few blocks away and as he stopped his car at the curb the two officers jumped out. The two men saw the officers and fled in opposite directions with one officer giving chase to each. Kachikas accompanied the officer who was pursuing Emil Kopacka. The officer commanded Kopacka to "halt" a number of times and then fired his gun, but failed to apprehend him. Likewise Maranowicz eluded the officer pursuing him. Frank Maranowicz was arrested on February 4, 1949, and questioned and upon his statement Emil Kopacka was picked up and questioned and released, no identification having been made by anyone that he was in or about the garage that night. No warrant was issued for Joseph Kopacka or Emil Kopacka with reference to the entering of the garage or tampering with the safe, until over a year later.

Upon the proof of the facts briefly stated above it was within the province of the jury to find the defendants guilty

of violating sec. 343.11, Stats., by breaking and entering into an office in the nighttime with the intention to commit the crime of robbery, larceny, or any other felony; and to each defendant there was applicable the provisions in sec. 353.05, Stats., to wit:

"Every person concerned in the commission of a crime, whether he directly commits the crime or abets or aids in or hires, counsels, or otherwise procures its commission is a principal and may be indicted or informed against as principal and tried in the county where the crime was committed either separately or with others concerned; and may be convicted of any degree of the crime charged or any crime included in the charge, . . ."

*State v. Bachmeyer,* 247 Wis. 294, 19 N. W. (2d) 261; *State v. Kuick,* 252 Wis. 595, 32 N. W. (2d) 344; *Pollack v. State,* 215 Wis. 200, 211, 253 N. W. 560, 254 N. W. 471.

Joseph Kopacka contends that the court erred in refusing to grant his motion for a directed verdict on the ground that he was not with the defendant Maranowicz on February 3, 1949. He relied upon the defense of alibi, claiming that at the time of the burglary on the night of February 3, 1949, he was at his parents' home attending a family party celebrating the return of his brother, Steve Kopacka, who completed serving a prison term. There was evidence, however, that the party was not held on the night of February 3, 1949, but was held upon the return of said brother to their parents' home on the night of February 4, 1949, and that it was then and there that the defendant, Emil Kopacka, was arrested by detectives. In relation to the issues as to said alibi, there was introduced on behalf of Joseph Kopacka considerable testimony by and in respect to members of the Kopacka family and it became proper and necessary for the district attorney to thoroughly cross-examine said witnesses and to discuss in his final argument to the jury the truth or falsity of their testimony.

The jury had the opportunity to observe said alibi witnesses and weigh the testimony, taking into consideration the interest, motive, fairness, and demeanor of each witness, and their credibility was a question for the jury; and it was warranted in finding that the evidence failed to establish the alibi claimed by Joseph Kopacka.

On Joseph Kopacka's direct examination, his attorneys had him testify at the outset that he was arrested and convicted of a felony in 1940, in 1942, and in 1946, and that he was sentenced for terms of twenty-three, twenty-three, and thirty-two months, respectively. On cross-examination by the district attorney it appeared that the testimony did not accurately state the facts. However, no objection was made by defendants to such cross-examination until later in the progress of the trial the court, on motion, struck such cross-examination and then and there instructed the jury to disregard the testimony; and that:

"Previous convictions of a defendant may be considered by the jury for the purpose of enabling them to determine the credibility of the defendant Joseph Kopacka as a witness upon the witness stand, the reliability of his testimony, and for that purpose only. . . ."

That instruction to the jury was solely in relation to Joseph Kopacka, and, as he testified on the trial as to the merits, the proof of his previous convictions was competent solely upon the question of his credibility as a witness on the trial. Consequently, there was applicable as to him the ruling in *Meyers v. State,* 193 Wis. 126, 128, 213 N. W. 645:

"He testified as to the merits, and the evidence was competent upon the question of his credibility, and the jury were expressly instructed that they could consider it for that purpose only." See also *Esterra v. State,* 196 Wis. 104, 109, 219 N. W. 349.

That ruling was not applicable and there was no occasion for such instruction to the jury in respect to the defendant Emil Kopacka, as there was no proof that he had been previously convicted of a felony.

As there is ample evidence which the jury could consider credible and which in any reasonable view supports the verdict finding the defendants guilty the judgment canot be disturbed. *State v. Whitney,* 247 Wis. 112, 120, 18 N. W. (2d) 705; *Sharp v. State,* 241 Wis. 67, 71, 4 N. W. (2d) 136.

*By the Court.*—Judgment affirmed.