WILLIAMSON, Plaintiff in error, v. STATE, Defendant in error. [Two cases.] *

*June 10—July 1, 1966.*

---

* Motion for rehearing denied, without costs, on August 19, 1966.

678

For the plaintiff in error there were briefs by *Michael B. Laikin,* attorney, and *Laikin, Swietlik & Peltin* of counsel, all of Milwaukee, and oral argument by *Michael B. Laikin.*

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

GORDON, J. The appellant complains that the record does not disclose the scientific reasoning which he contends is essential to support the conclusions of the psychiatrist witnesses. The medical experts expressed their views at the proceedings held before the trial, when they stated that Mr. Williamson was competent to stand trial; they also explained their positions at the trial itself, at which time the experts opined that Mr. Williamson was sane. On this appeal, the defendant challenges the adequacy of the doctors' findings at both proceedings.

The accused was represented by counsel at the trial, and no objection was voiced as to the qualifications of the medical witnesses or as to the manner in which their

examinations were conducted. Indeed, their qualifications as experts were stipulated. The appointment of these medical experts was made at the instance of the defendant's counsel, after he asserted that he had reason to believe that the accused was not competent to stand trial. Defense counsel was afforded full opportunity to cross-examine the medical witnesses.

There is particularly applicable to the case at bar the observation of this court in *Ferry v. State* (1954), 266 Wis. 508, 510, 63 N. W. (2d) 741:

"Defendant's principal attack is made upon the court's alleged error in permitting the state's medical experts to testify in a manner so as to invade the province of the jury. The testimony was received without objection; no motion to strike it was made. In fact, some of it was elicited upon cross-examination of the experts by defense counsel. In that situation counsel may not complain. *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Wolf v. Evans,* 211 Wis. 601, 247 N. W. 844."

We find no merit to the claim that there was any impropriety in connection with the medical examinations or the evidence which resulted therefrom. The evidence given by the medical witnesses was consistent with their conclusions; if defense counsel felt otherwise, it was his responsibility to object or to develop that theme either by cross-examination or independent evidence. The absence of any objection whatsoever is fatal to the defendant's present challenge. *Collier v. State* (1966), 30 Wis. (2d) 101, 104, 140 N. W. (2d) 252; *Ferry v. State, supra;* see also *Kink v. Combs* (1965), 28 Wis. (2d) 65, 72, 135 N. W. (2d) 789.

It is also urged that counsel for the defendant should have been present during the pretrial psychiatric examinations of the accused. On this appeal it is conceded that a request for counsel to be present was never made. In the absence of such a request on the part of counsel or in the absence of an objection to the holding of the ex-

amination in the absence of counsel, no error was committed. In *Cullen v. State* (1965), 26 Wis. (2d) 652, 657, 133 N. W. (2d) 284, we stated:

"We believe that, from a reading of the aforesaid section of the statutes [957.13] . . . it is apparent that the legislature intended to impose broad discretion upon the trial judge in determining mental capacity to stand trial. In *Crocker v. State* (1884), 60 Wis. 553, 557, 19 N. W. 435, it was held that 'the method of making inquisition is left to the discretion of the court.' "

The appellant also seeks reversal because of his claim that the instructions to the jury were improper. The definition of insanity used by the trial court in the case at bar was substantially that which this court subsequently approved in *State v. Esser* (1962), 16 Wis. (2d) 567, 115 N. W. (2d) 505. See also *State v. Kanzelberger* (1965), 28 Wis. (2d) 652, 662, 137 N. W. (2d) 419, and *Kwosek v. State* (1960), 8 Wis. (2d) 640, 647, 648, 100 N. W. (2d) 339.

Particularly, the appellant maintains that the court erred in failing to present a separate instruction to the jury that the burden of proof as to sanity was upon the state. The trial court instructed the jury that the state has the burden of proof as to every element of the crime charged. The court followed the language of sec. 957.11 (2), Stats., in instructing the jury that there is a presumption of sanity unless the evidence creates in the minds of the jury a reasonable doubt as to the sanity of the accused.

Although no objection was made to these instructions and although no alternative instructions were proposed at the trial by the accused, it is now claimed that the instruction on the subject of insanity was "too remote" from the general instruction on burden of proof. We find no merit in this contention, even though we agree that if it had been requested a *specific* instruction could properly have been given to the effect that the burden of proof as to sanity is upon the prosecution.

Mr. Williamson further urges that the failure of the trial court to have submitted a verdict on manslaughter was a prejudicial error. When there is a reasonable basis to believe that the evidence will sustain a lesser included offense, it should be submitted by the trial court. *Weston v. State* (1965), 28 Wis. (2d) 136, 142, 143, 135 N. W. (2d) 820. This court has also held that even if the evidence would sustain a lesser included offense, it is not error in the absence of a request therefor by the defendant. *Neuenfeldt v. State* (1965), 29 Wis. (2d) 20, 31, 138 N. W. (2d) 252; *State v. Scherr* (1943), 243 Wis. 65, 69, 9 N. W. (2d) 117. No request was made by the defendant in the instant case.

Mr. Williamson shot his estranged wife several hours after he placed a loaded pistol in his pocket. Our review of all the facts in the instant case convinces us that this defendant was not entitled to a submission of a manslaughter verdict even if a request had been made. See *Weston v. State, supra,* at 144, 145; *State v. Hoyt* (1964), 21 Wis. (2d) 284, 298, 124 N. W. (2d) 47, 128 N. W. (2d) 645; *Brook v. State* (1963), 21 Wis. (2d) 32, 42, 43, 123 N. W. (2d) 535.

The various errors claimed by counsel on this appeal were not objected to at the trial by Mr. Williamson's trial attorney. The effort to raise the issues in the appellate court is impeded by the absence of more timely complaint. There is applicable the expression of the Georgia court in 1879:

"The point appears here in its virgin state, wearing all its maiden blushes, and is therefore out of place." *Cleveland v. Chambliss* (1879), 64 Ga. 352, 359.

Finally, it is urged that a new trial should be granted in the interests of justice under sec. 251.09, Stats. Our examination of the record in this case does not suggest that justice has miscarried.

*By the Court.*—Judgment and order affirmed.