[Crim. No. 5216.  First Dist., Div. One.  July 13, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE TRAVIS TURNER, Defendant and Appellant.

Willie Travis Turner, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—The appellant has filed a petition which he has designated as a ''Petition For Writ of Error'' whereby he seeks to have his appeal reinstated. We have treated the petition as an application to recall remittitur and find no basis for recalling the remittitur and reinstating the appeal. We have, however, on our own motion, considered the petition in the light of *Anders* v. *California,* 386 U.S. 738, 744 [18 L.Ed.2d 493, 495, 87 S.Ct. 1396, 1400], recently decided by the United States Supreme Court, dealing with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal.

This court appointed counsel to represent appellant herein on July 13, 1965. After reviewing the record on appeal, counsel advised this court that he found no meritorious grounds for appeal and requested that he be permitted to withdraw. The request was accompanied by a brief in letter form wherein he referred to matters in the record which might arguably support the appeal and also set out points which appellant himself wanted raised. A copy of said brief was furnished to appellant. Thereafter, this court granted counsel's request and vacated his appointment. This court, thereafter, proceeded to a written decision on the merits upon a full examination of all the proceedings, including the briefs submitted by appellant on his own behalf which in substance reiterated the same points discussed by counsel in his letter brief. We found by said decision that none of the legal points urged by appellant were arguable on their merits, and, accordingly, on June 8, 1966 we affirmed the judgment of conviction.

In our opinion the finding made by this court that there were no legal points arguable on their merits and that accordingly the case was wholly frivolous, meets the requirements of *Anders* v. *California.*

The petition is denied.