GREEN, Plaintiff in error, v. STATE, Defendant in error.

*February 2—February 27, 1968.*

362

For the plaintiff in error there was a brief and oral argument by *Laurence C. Gram, Jr.,* of West Allis.

For the defendant in error the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HEFFERNAN, J. It is the contention of the defendant that, although there was no request for a manslaughter instruction, it was error to fail to submit such an instruction to the jury if the state of the evidence would have made such a submission proper. It is his contention that the court must submit the manslaughter instruction unless the defendant, as well as his counsel, waives the manslaughter instruction. Whether manslaughter could properly have been submitted we need not decide, and for the purpose of this appeal we assume that the question might properly have been given to the jury at the request of either the defense or prosecution.

We have heretofore concluded that when a defendant requests a manslaughter instruction and there is reasonable ground for such an instruction to be found in the evidence, it would be reversible error not to give it. *Zenou v. State* (1958), 4 Wis. 2d 655, 668, 91 N. W. 2d 208. We, however, held in *Neuenfeldt v. State* (1965), 29 Wis. 2d 20, 138 N. W. 2d 252, that no duty devolves upon the trial judge to submit a lesser degree of homicide in the absence of a request. We stated therein, at page 31, citing cases:

". . . unless a request is made for an instruction of the lesser included offense it is not error for the trial

court not to give the instruction on its own motion even though the evidence would sustain it."

The *Neuenfeldt Case* discussed *in extenso* the rationale of the rule that is accepted in Wisconsin. In *Williamson v. State* (1966), 31 Wis. 2d 677, 683, 143 N. W. 2d 486, we stated:

"Mr. Williamson further urges that the failure of the trial court to have submitted a verdict on manslaughter was a prejudicial error. When there is a reasonable basis to believe that the evidence will sustain a lesser included offense, it should be submitted by the trial court. *Weston v. State* (1965), 28 Wis. (2d) 136, 142, 143, 135 N. W. (2d) 820. This court has also held that even if the evidence would sustain a lesser included offense, it is not error in the absence of a request therefor by the defendant. *Neuenfeldt v. State* (1965), 29 Wis. (2d) 20, 31, 138 N. W. (2d) 252; *State v. Scherr* (1943), 243 Wis. 65, 69, 9 N. W. (2d) 117. No request was made by the defendant in the instant case."

We consider *Neuenfeldt* and *Williamson* clear precedent and declaratory of settled law that a defendant cannot complain of the failure to instruct on an included offense unless he has asked for that instruction.

Defendant, however, claims that he cannot be bound by his lawyer's omissions, and he can be deemed to have waived the right to all possible instructions, in light of the evidence, only if he were personally consulted and expressly acquiesced in counsel's conduct. The law of Wisconsin, however, is well settled to the contrary. As we stated in *State v. Strickland* (1965), 27 Wis. 2d 623, 633, 135 N. W. 2d 295:

"Where a defendant appears by counsel . . . and enters a plea of guilty without requesting a preliminary hearing, a trial court has the right to assume that the preliminary hearing has been intelligently waived."

The same reasoning is appropriate in the instant case, where as a matter of trial strategy counsel has elected to

waive a request for a possible instruction. Defendant in a criminal case is bound by a waiver exercised by counsel in the course of trial.

We have carefully examined the entire record and transcript of this case and are satisfied that defendant's experienced trial counsel deliberately, as is evidenced by the specificity of his requests for instructions, waived any request for a manslaughter instruction. The plaintiff in error was ably defended, and nothing in the record leads us to conclude that reversible error was committed at trial.

*By the Court.*—Judgment affirmed.