BIES, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 89, 90. Argued November 29, 1971.—Decided January 4, 1972.*

(Also reported in 193 N. W. 2d 46.)

The cause was submitted for the plaintiff in error on the briefs of *Franklin Delano Bies* of Waupun, pro se, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, *George L. Frederick,* assistant attorney general, and *Robert E. Bell,* district attorney of Jefferson county.

HANLEY, J.   The defendant has raised what he refers to as 12 "Questions Involved."

Many of the questions raised were fully considered by Mr. Merriman's no-merit report and this court's subsequent review of the record and unpublished opinion. We will not refer to those issues again.

Other issues raised are not encompassed by the record and are therefore not subject to review by writ of error.

The remaining issues, raised for the first time, are:

(1) Was it error to delay arraignment until after both parties had rested their cases;

(2) Did comments by the district attorney during closing argument violate defendant's right to remain silent;

(3) Was trial counsel incompetent; and

(4) Is the mandatory sentence of life imprisonment a denial of equal protection?

### Delay of arraignment.

Through an oversight, defendant was not arraigned until after both parties had rested. At that time the trial court noted the oversight and held an arraignment; the defendant pleaded not guilty. Defendant now contends, however, that the failure to hold a timely arraignment deprived the court of jurisdiction. A similar question was presented in *Bridges v. State* (1945), 247 Wis. 350, 375, 19 N. W. 2d 529, 19 N. W. 2d 862. This court there held that where there was no objection to an arraignment held after commencement of trial and no showing of prejudice by reason of the delay, the right to a more timely arraignment and plea would be deemed waived. *Bridges'* ruling is controlling in the instant case.

### Comments by district attorney.

During closing argument, the district attorney observed that certain evidence was uncontroverted. The defendant, who did not choose to take the stand in his own defense, considers the term "uncontroverted" to be a comment on his failure to testify. A comment on defendant's failure to take the stand is improper. *State v. Spring* (1970), 48 Wis. 2d 333, 338, 179 N. W. 2d 841. However, this court has held that it is proper for the district attorney to point out generally that no evidence has been introduced to show the innocence of the defendant. *State v. Bachmeyer* (1945), 247 Wis. 294, 301, 19 N. W. 2d 261. *See also:* Annot. (1967), 14 A. L. R. 3d 723. Moreover, in the instant case, the defendant's strategy was not to deny the occurrence of the acts surrounding the murder and robbery, but rather to show that his intoxication negated the necessary intent. Since the district attorney's comments referred to evidence of the acts rather than to evidence

of intoxication, we conclude that the argument was a proper comment on the testimony.

### Competency of counsel.

Defendant contends that his counsel was incompetent. The record, however, does not support that assertion. Trial counsel effectively cross-examined the state's witnesses, objected to testimony when appropriate and called witnesses to attempt to prove the intoxication defense. He vigorously argued for a mistrial. In addition, the record shows that he frequently conferred with the defendant, advising him of his right to decline to testify and of the impact of certain jury instructions. It can hardly be said that trial representation amounted to no counsel at all, which is the test to be applied when effectiveness of counsel is alleged. *Milburn v. State* (1971), 50 Wis. 2d 53, 65, 183 N. W. 2d 70.

### Sentence of life imprisonment.

Defendant contends that the sentence of life imprisonment constitutes a denial of equal protection. He notes that there is no mandatory release date provided for that class of prisoners who were convicted of first-degree murder, while for those convicted of lesser crimes there is such a date. Defendant apparently believes that this classification is unreasonable. The contention is wholly without merit. A classification based on the type of crime for which the prisoner was convicted is certainly reasonable in determining when he should be released from custody.

We are satisfied that the defendant received a fair trial and that justice was accomplished in this case. Defendant's arguments are without merit; and the conviction must be affirmed.

*By the Court.*—Judgment affirmed.