WUNROW, Plaintiff in error, v. STATE, Defendant in error.

*No. State 116. Submitted March 29, 1973.—Decided May 1, 1973.*
(Also reported in 206 N. W. 2d 623.)

For the plaintiff in error the cause was submitted on the brief of *Roy T. Traynor* of Wausau.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Warren M. Schmidt,* assistant attorney general.

PER CURIAM. Since the defendant's motion for a new trial on the basis of newly discovered evidence was not made within ninety days of conviction, the trial court was correct in denying the motion on the basis it was not timely. *Buckner v. State* (1972), 56 Wis. 2d 539, 553, 202 N. W. 2d 406. *See also: Cleghorn v. State* (1972), 55 Wis. 2d 466, 198 N. W. 2d 577.

Furthermore, the court concludes after a review of the record, that the trial court properly denied the motion on its merits. The evidence presented by the defendant does not satisfy the requirements that must be met before a new trial on the basis of newly discovered evidence can be granted. *See State v. Chabonian* (1971), 50 Wis. 2d 574, 583, 185 N. W. 2d 289.

Finally, since the writ of error in this case was issued to review only the order denying a new trial on the basis of newly discovered evidence, the issue of the allegedly improper out-of-court photographic identification of the defendant is not properly before the court. In any event, the record reveals the photographic identification was described in testimony at the preliminary examination, yet no objection was raised at the trial as to the procedure utilized. Under these circumstances, the court concludes the defendant cannot now raise the issue. *State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75.

The order is affirmed.